NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VASCEPA ANTITRUST LITIGATION DIRECT PURCHASER PLAINTIFFS | Civil Action No. 21-12747 (ZNQ) (RLS)<br><br>OPINION |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendants Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation PLC (collectively, "Amarin"). ("the Motion", ECF No. 30.) Amarin filed a Brief in support of its Motion. ("Moving Br.", ECF No. 31.) The Motion is opposed by Plaintiff KPH Healthcare Services, Inc. on behalf of itself and on behalf of all others similarly situated ("Direct Purchaser Plaintiffs" or "DPPs"). ("Opp.", ECF No. 32.) Amarin filed a reply. ("Reply", ECF No. 33.) On September 27, 2022, the Court held oral argument.

The Court has carefully considered the parties' submissions and the positions they presented at oral argument. For the reasons set forth below, the Court will DENY the Motion to Dismiss.

I.   BACKGROUND AND PROCEDURAL HISTORY

In a recent Opinion that denied a similar Motion to Dismiss brought by Amarin in the corresponding case filed on behalf of the Indirect Purchaser Plaintiffs, the Court has summarized the relevant factual background regarding Amarin's alleged anticompetitive conduct with respect to its drug product marketed as "Vascepa." EPA druga. *See* Opinion issued February 23, 2023,

1

*In re Vascepa Antitrust Litigation Indirect Purchaser Plaintiffs*, 21-cv-12061, ECF No. 90 at 2.) The Court hereby incorporates that summary by reference.

KPH brings this suit on its own behalf and on behalf of a class of "all persons or entities . . . who purchased Vascepa directly from any of the defendants at any time during the period from August 7, 2020, through and until the anticompetitive effects of Defendants' challenged conduct cease (the 'Class Period')." (Amended Complaint ("FAC") ¶ 105.) The Amended Complaint asserts just two claims:

| **FEDERAL CLAIMS** |
| --- |
| Count 1: Violation of 15 U.S.C. § 1 (Sherman Act) by Contract, Combination, and Conspiracy in Restraint of Trade |
| Count 2: Violation of 15 U.S.C. § 2 (Sherman Act) by Monopolization |

II.  **LEGAL STANDARD**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented*."* *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009) (quotation omitted).  In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "[M]ere restatements of the elements of [a] claim[] . . . are not entitled to the assumption of truth."  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted).  Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).  On the whole, "[t]he defendant bears the burden of showing that no claim has been presented."  *Hedges*, 404 F.3d at 750 (citation omitted).

### III. <u>DISCUSSION</u>

#### A. JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1 and 2 as well as 28 U.S.C. §§ 1331, 1332(d), and 1337.

#### B. KPH HAS STANDING TO PURSUE ANTITRUST CLAIMS

The Motion includes a challenge to KPH's standing.  The parties do not dispute that KPH's standing to bring suit stems, not from any direct purchases it made, but from an assignment of rights it obtained from direct purchaser McKesson Corporation ("the Assignment").  (Moving Br. at 24; Opp. at 29–30.)  Consequently, Amarin argues that KPH's standing is constrained by the terms of the Assignment, including the following paragraph:

> 1. McKesson hereby conveys, assigns and transfers to [KPH] one hundred percent (100%) of all rights, title and interest in and to any antitrust cause of action it may have against Manufacturers/Suppliers under the laws of the United States or of any State (a) so long as the cause of action is that the Manufacturers/Suppliers unlawfully delayed or frustrated the introduction or sale of generic Vascepa and (b) *only to the extent the cause of action arises from McKesson's purchases of*

> *Vascepa that were subsequently resold to Customer during the period from November 1, 2013 through the date of this Assignment.*

(Assignment at 1, attached as Exhibit 1 to Moving Brief, ECF No. 31-1) (emphasis added). By its terms, the Assignment was entered into and effective on June 16, 2021. (*Id*. at 1–2). Amarin seizes on this date limitation to argue that KPH lacks standing to sue for damages after June 16, 2021 or to sue for injunctive relief going forward. (Moving Br. 25–26.)

KPH responds on two grounds. First, both of Amarin's challenges to its standing by a motion to dismiss are premature. (Opp. at 30–32.) Second, because KPH clearly has standing to pursue damages between November 1, 2013 and June 16, 2021, it should be permitted to proceed by either executing an addendum that either clarifies the scope of its original standing or supports its standing for additional claims.[1] (*Id*. at 32.) At oral argument, counsel for KPH also argued that the Assignment does not limit the relief that KPH can seek, only when its cause of action arises. (Transcript of Oral Argument conducted September 27, 2022 at 72:21–74:23, ECF No. 41.)

In the context of this motion to dismiss, the Court begins as it should from the Amended Complaint. Counts I and II of the Amended Complaint plead Sherman Act antitrust violations against Amarin based on alleged anticompetitive conduct with respect to its Vascepa drug product.[2] Next, as set forth above, it is undisputed that the Assignment confers upon KPH standing to pursue its antitrust claims for damages from November 1, 2013 to June 16, 2021. *See also*

---

[1] For clarity of the record, the Court notes that KPH has not as of the date of this Opinion, filed such an addendum.
[2] In the Motion, Amarin repeatedly asserts without citation that the Amended Complaint seeks injunctive relief. On the Court's review, however, the Amended Complaint does not seek this relief. Crucially, its Demand for Judgment section makes no reference to injunctive relief. In truth, the closest the Complaint comes to referencing injunctive relief is at the following point: "Plaintiff and members of the Class will continue to suffer injury, in the form of overcharges paid for Vascepa, if Amarin's unlawful conduct is not enjoined." (FAC ¶ 161) The gravamen of this allegation appears to be that the proposed class's injuries are ongoing, not that the class is (at least currently) seeking injunctive relief. For reasons of its own, KPH does not dispute this issue in its Opposition Brief. Beyond noting the potential confusion, the Court declines to reject Amarin's challenge to KPH's standing to pursue injunctive relief based on the Court's entirely *sua sponte* observation.

*Wallach v. Eaton Corp.*, 837 F.3d 356, 366 (3d Cir. 2016).  The cases that Amarin cites do not support the sort of challenge it lodges here.  Its cases either address motions filed on a more developed record or motions seeking to find an assignment completely insufficient as a basis for the entire claim at issue.  *See Clapper v. Amnesty Intern. USA*, 568 U.S. 398 (2013) (motion for summary judgment); *McNair v. Synapse Grp.*, 672 F.3d 213, 225 (3d Cir. 2012) (motion for class certification); *Pennsylvania v. DeJoy*, 2020 WL 5763553, at *24 (E.D. Pa. Sept. 28, 2020) (motion for preliminary injunction); *Wallach*, 837 F.3d 356 (reversing district court's invalidation of entire assignment); *Simi Surgical Ctr., Inc. v. Connecticut Gen. Life Ins. Co.*, Civ. No. 17-2685, 2018 WL 6332285, at *4 (C.D. Cal. Jan. 4, 2018) (assignment of rights to payment of benefits did not also assign right to pursue ERISA claim for breach of fiduciary duty); and *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 664–66 (E.D. Va. 2010) (finding assignment conveyed standing for the plaintiff's infringement suit.)  In short, the Court finds that the nuanced concern Amarin raises with respect to the alignment of the scope of relief KPH seeks and its rights under the Assignment are better suited to a motion for class certification, particularly the "typicality" consideration under Rule 23.[3]  Accordingly, the Court will deny this portion of the Motion as premature.

      **C.    THE AMENDED COMPLAINT PLEADS PLAUSIBLE CLAIMS FOR ANTITRUST VIOLATIONS**

The remainder (and substantial majority) of the Motion to Dismiss attacks the sufficiency of the Amended Complaint's pleading with respect to its federal antitrust claims. (Moving Br. at 9–21.)  As Amarin's Moving Brief concedes, DPPs' antitrust claims stand or fall with the same federal antitrust claims brought by Dr. Reddy's Labs against Amarin in the related case 21-cv-10309.  (Moving Br. at 4.)  There, Amarin moved to dismiss the plaintiff's antitrust claims on the

---

[3] Moreover, as KPH observes, the calculation may change should McKesson and KPH amend their assignment.

same bases they invoke here. (21-cv-10309, ECF No. 49.) The Court denied that portion of Amarin's motion in an oral decision issued on November 28, 2022. (ECF No. 95.) For the same reasons articulated in that decision, the Court will also deny the portion of Amarin's Motion in this case seeking to dismiss DPPs' federal antitrust claims.

## IV. CONCLUSION

For the reasons set forth above, the Court will DENY Amarin's Motion to Dismiss (ECF No. 30).

Date: February 28, 2023

                                                                                                       s/ Zahid N. Quraishi
                                                                                                        **ZAHID N. QURAISHI**
                                                                                                        **UNITED STATES DISTRICT JUDGE**