UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VASCEPA ANTITRUST LITIGATION DIRECT PURCHASER PLAINTIFFS | Civil Action No.: 21-12747 (RK) (TJB) <br><br> **OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** is before the Court by way of Defendants Amarin Pharma, Inc.'s, Amarin Pharmaceuticals Ireland Limited's, and Amarin Corporation plc's (collectively, "Defendants") Motion to Strike Class Allegations in the Amended Class Action Complaint (the "FAC"). (ECF No. 64.) Plaintiff KPH Healthcare Services, Inc. (also known as Kinney Drugs, Inc.) ("KPH")—on behalf of itself and a putative class of Direct Purchaser Plaintiffs—opposes this Motion. (ECF No. 66.) This Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, Defendants' Motion is **DENIED**.

**I.   BACKGROUND**

The FAC—filed by Plaintiff KPH on September 7, 2021—arises from Defendants' alleged "illegal scheme to delay competition in the United States and its territories for Vascepa, a prescription medication approved by the U.S. Food and Drug Administration[.]" (ECF No. 17 ("FAC") ¶ 1.) Defendants allegedly did so "by hoarding the world's supply of the active pharmaceutical ingredient . . . needed to make the drug." (*Id.*) The FAC asserts two counts against Defendants: (1) a claim for violation of Section One of the Sherman Act for a contract, combination, and conspiracy in restraint of trade and (2) a claim for violation of Section Two of the Sherman Act for monopolization. (FAC ¶¶ 146–61.) The present motion surrounds disputes respecting the class definition within the FAC. As defined in the FAC, the class is:

1

> All persons or entities in the United States and its territories who purchased Vascepa directly from any of the defendants at any time during the period from August 7, 2020 through and until the anticompetitive effects of Defendants' challenged conduct cease (the "Class Period").

(FAC ¶ 105.) Defendants filed a Motion to Dismiss which was fully briefed in December 2021. (*See* ECF Nos. 30–33.) The Motion to Dismiss was denied on February 28, 2023. (*See* ECF Nos. 42–43.) Defendants Answered the FAC on March 31, 2023. (ECF No. 46.)

Defendants filed the Motion before the Court on November 8, 2023. (ECF No. 64 ("MTS").) Plaintiff filed its Opposition on November 20, 2023. (ECF. No. 66 ("Opp.").) Defendants filed their Reply on November 27, 2023. (ECF No. 67 ("Rep.").) Since then, Plaintiff and Defendants conferenced with Judge Bongiovanni and set a Discovery Schedule. Judge Bongiovanni entered a Scheduling Order setting forth various deadlines on April 12, 2024 (the "April 2024 Scheduling Order"). (*See* ECF No. 79 ("Apr. 2024 Scheduling Or.")) The April 2024 Scheduling Order set forth that "[a]ll fact discovery shall be completed no later than **November, 1 2024**." (*Id.* ¶ 6) (emphasis in the original). Additionally, the April 2024 Scheduling Order noted that the Court would not set the remainder of the schedule given that the present Motion to Strike was pending before the Court. (*Id.* ¶ 7.) Judge Bongiovanni noted that the "remaining schedule therefore [would] be determined on a later date." (*Id.*)

## II.  STANDARD

The parties dispute under which Federal Rule of Civil Procedure ("Rule" or "Rules") this Motion has been brought. As a preliminary matter, a motion to strike class allegations in a complaint implicates Rules 12(f), 23(c)(1)(A), and 23(d)(1)(D). *In re Paulsboro Derailment Cases*, No. 12-cv-7586, 2014 WL 1371712, at *2 (D.N.J. Apr. 8, 2014); *Niemczyk v. Pro Custom Solar LLC*, No. 19-cv-7846, 2022 WL 884359, at *2 (D.N.J. Mar. 25, 2022). Under Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 23(c)(1)(A), "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Accordingly, under Rule 23(d)(1)(D), a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]" Fed. R. Civ. P. 23(d)(1)(D).

Under all these rules, "[m]otions to strike class allegations from a pleading are disfavored because a motion for class certification is a more appropriate vehicle for arguments about class propriety." *Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 386 (D.N.J. 2014); *see also Parkin v. Avis Rent a Car Sys. LLC*, No. 22-cv-05481, 2023 WL 4045049, at *7 (D.N.J. June 16, 2023) ("Courts have 'considerable discretion' in deciding a Rule 12(f) motion but should exercise that discretion to strike class allegations 'only when no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23.'" (citations omitted)); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003) ("A defendant may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." (citations omitted)).

### III. DISCUSSION

Defendants argue that the class defined in the FAC is insufficiently numerous as required under Rule 23(a)(1); Defendants argue that this purported numerosity deficiency will not be altered by additional discovery. (MTS at 10–19.) Additionally, Defendants argue that the supposed numerosity deficiency cannot be altered by amendments to the FAC given that the prospective plaintiffs that Plaintiff wishes to add to its class definition do not have antitrust standing.[1] (*Id.* at

---

[1] Specifically, this regards a dispute that Plaintiff is attempting "to broaden its class definition to include entities that purchased generic versions of Vascepa from generic manufacturers." (MTS at 7, 9–10).

3

12–15.) For its part, Plaintiff argues that it satisfies Rule 23(a)'s numerosity requirement. (Opp. at 9–12.) Plaintiff also argues that Defendants' Motion is untimely since it was filed after Defendants Answered the FAC; alternately, Plaintiff argues that Defendants' Motion is premature. (*Id.* at 12–15.) Plaintiff also argues that the purchasers of generic Vascepa have antitrust standing. (*Id.* at 15–29.)

The Court denies this Motion on the grounds that it is premature. First, Defendants' arguments as to the merits of the class yet to be certified are best addressed at the class certification stage. *E.g.*, *Gray*, 22 F. Supp. 3d at 386 (denying a motion to strike allegations from a class action complaint at the motion to dismiss stage, and noting that "discovery is . . . integral" and "[g]iven the early stage of the proceedings," the request to strike was premature); *Santiago v. Total Life Changes LLC*, No. 20-cv-18581, 2022 WL 2619855, at *6 (D.N.J. July 7, 2022) (denying the motion to strike at the motion to dismiss stage and noting that the record was "not adequately developed for this Court to determine whether the matter should proceed on an representative basis[]" and noting that the "class allegations in the [Second Amended Complaint] depend[ed] on factual information that [would] likely come to light during discovery."); *Fiorarancio v. Cap. One Bank (USA), N.A.*, No. 21-cv-15775, 2023 WL 2357800, at *4–*6 (D.N.J. Jan. 26, 2023) (in denying the motion to strike certain class allegations on various grounds under Rule 23, the court noted that such a motion was premature where discovery in the case remained incomplete). Here, Defendants raise complex arguments regarding antitrust standing and Rule 23's numerosity requirement. These arguments implicate multifaceted class certification issues which are inappropriate to decide at this time given that they may depend on factual information that "come[s] to light during discovery." *Santiago*, 2022 WL 2619855, at *6.

Second, and relatedly, this motion is premature since class discovery or class certification

briefing in this case has not yet started. (Apr. 2024 Scheduling Or. ¶¶ 6–7.) As noted by Plaintiff, "Class definitions frequently evolve during discovery." (Opp. at 10.)  Particularly where the Court has been presented with no information other than Defendants' argument that Plaintiff has "not come forward with any evidence" since July 2023 that Plaintiff has discovered more than fourteen direct purchasers from Amarin, (MTS at 13), the Court is unconvinced that "'no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23.'" *Parkin*, 2023 WL 4045049, at *7 (citations omitted).

Given that this Motion is premature, the Court need not address the parties' remaining arguments.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike is **DENIED**. (ECF No. 66.) An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: August 8, 2024